UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

PHILLIP JOHNSON,

      Plaintiff,

v.                                                    Case No.:  2:22-cv-521-SPC-PDB

ACTING COMMISSIONER OF
SOCIAL SECURITY,

      Defendant.

_____/

## OPINION AND ORDER

Before the Court is United States Magistrate Judge Patricia Barksdale's Report and Recommendation ("R&R").  (Doc. 20).  Judge Barksdale recommends affirming the Acting Commissioner of Social Security's decision to deny Plaintiff Phillip Johnson supplemental security income.  Plaintiff objects to the R&R (Doc. 22), to which the Government has responded (Doc. 23).

When reviewing a report and recommendation, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3).  When objections are made, the district court engages in a de novo review of the issues raised.

After an independent review, the Court overrules Plaintiff's objections and adopts the R&R in full.  The objections largely rehash Plaintiff's past arguments hoping the undersigned will disagree with Judge Barksdale's analysis.  *See, e.g., Cole v. Comm'r of Soc. Sec'y*, No. 2:20-cv-524-SPC-NPM, 2021 WL 5866968, at \*1 (M.D. Fla. Dec. 10, 2021) (summarily rejecting mere re-argument objections).  Although the undersigned agrees with the well-reasoned R&R, it offers the following additional analysis on Plaintiff's four objections.

The first objection centers on the ALJ's residual functional capacity ("RFC") determination.  The ALJ found Plaintiff has the RFC to perform light work with these added limitations:

> no exposure to pulmonary irritants such as dust, fumes, gases[,] chemicals, odors, etc., nor to humidity or temperature extremes.  He can perform only frequent reaching, handling, grasping, feeling or finger [sic] with his left hand and perform no over the shoulder level reaching with the left arm.  [He] requires additional bathroom breaks in addition to normal morning, lunch and afternoon breaks, of five minutes each hourly but not to exceed more than 10% of expected work time.

(Doc. 14-2 at 37).

Plaintiff disagrees with the RFC.  He argues the ALJ did not articulate how he considered the evidence to reach his determination.  (Doc. 22 at 2 (citing 82 F.R. 5844-01, 5858).  Not so.  The ALJ dedicated over three single-spaced pages to outlining the objective medical evidence that showed why Plaintiff's

"statements concerning the intensity, persistence and limiting effects of [his] symptoms" were conflicting.   (Doc. 14-2 at 39).   Many treatment notes recognized Plaintiff's complaints about his esophageal ailments and vomiting but often found him to be in no acute distress, to have a soft abdominal, and to be well-nourished.   At bottom, Plaintiff has not persuaded the Court to find anything but substantial evidence to support the RFC determination.

Plaintiff's RFC challenge does not end there.  He also argues the ALJ did not link the evidence on his achalasia-related limitations with the RFC conclusion.  Even if the ALJ did not have to link evidence (as the Government argues), the ALJ sufficiently did so.  He examined Plaintiff's medical history and other evidence in the record before finding that "[i]maging, diagnostic testing, and physical examination findings strongly support the claimant's ability to do work related activity, consistent with the residual functional capacity finding." (Doc. 14-2 at 39).  Nothing more is required. And to the extent Plaintiff is asking the Court to reweigh the evidence, it neither can nor will do so. *See Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) ("[W]e will not decide the facts anew, make credibility determinations, or re-weigh the evidence.").

For his second objection, Plaintiff argues the ALJ needed to develop opinion evidence on how his COPD and depression affected his ability to work. The Court disagrees.  An ALJ need only develop the record if it "reveals

evidentiary gaps which result in unfairness or clear prejudice." (Doc. 20 at 19 (citation omitted)). "Prejudice requires a showing that the ALJ did not have all of the relevant evidence before him in the record . . . or that the ALJ did not consider all of the evidence in the record in reaching his decision." (Doc. 20 at 19 (citation omitted)). Plaintiff shows neither.

To start, Plaintiff says the record supports more severe limitations. Yet he provides no citation to that evidence. Plaintiff also faults the ALJ for not explaining how his COPD only called for the limitation of "no exposure to pulmonary irritants such as dust, fumes, gases[,] chemicals, odors, etc." (Doc. 14-2 at 37). As best the Court can tell, Plaintiff wants more limitations but does not argue how his COPD requires more. In short, Plaintiff misses that the ALJ included COPD as a severe impairment, discussed the treatment records relating to it, and accounted for COPD in the RFC determination. So he shows no prejudice to trigger the ALJ's requirement to develop the record.

Plaintiff also argues the ALJ had to develop the record on his depression, and the R&R wrongly concluded he neglected this argument in his papers. He again misses the mark. The R&R found—and the Court agrees—that Plaintiff's only claim about the ALJ not developing the record about his depression was in his initial brief's summary of the arguments. Although the brief also included a section titled "Depression," Plaintiff only describes

4

evidence about depression with no argument. (Doc. 17 at 21-22). So anything Plaintiff raised in the reply brief to develop this argument was new.

Still, the R&R did not reject Plaintiff's argument only on this procedural ground. The R&R continued its analysis: "In any event, the record includes multiple documents related to depression—including a mental-status examination—the ALJ explicitly considered Johnson's depression and identified no need for further evidence, and Johnson does not allege his depression limits him. Johnson fails to show prejudice." (Doc. 20 at 20). The Court thus sides with the R&R and overrules Plaintiff's objection.

Third, Plaintiff argues the Appeals Council erred in refusing to consider new evidence after the hearing. That's not true. The Appeals Council reviewed the added evidence but determined there was no reasonable probability it would change the decision to deny benefits. Indeed, the new records show Plaintiff had limitations consistent with the ALJ's decision to limit him to a reduced range of light work. Plaintiff, however, wants the Court to focus more on the new evidence reflecting his achalasia worsening. But it will not do so to overturn the Appeals Council when the same evidence also suggests normal findings, lack of distress, or lack of significant abnormalities. So the Court overrules Plaintiff's objection.

Fourth (and finally), Plaintiff objects to the R&R's finding that the arguments in his reply brief are unwarranted and unpersuasive. Again, the

Court disagrees.  As much as Plaintiff raised new arguments in the reply brief, the Court considers them abandoned.  *See Adderly v. Comm'r of Soc. Sec.*, 736 F. App'x 838, 839 n.1 (11th Cir. 2018).  Still, the R&R addressed the arguments and found them to be unnecessary.  (Doc. 20 at 24-26).  The Court agrees with the R&R on its analysis and rejects Plaintiff's contention that its findings misapplied the relevant legal standard.

Accordingly, it is

**ORDERED:**

1. United States Magistrate Judge Patricia D. Barksdale's Report and Recommendation (Doc. 20) is **ACCEPTED and ADOPTED**, and the findings are incorporated.

2. Plaintiff Philip Johnson's objections are **OVERRULED**.

3. The decision of the Acting Commissioner of Social Security Administration is **AFFIRMED**.

4. The Clerk is **DIRECTED** to enter judgment for the Acting Commissioner and against Plaintiff and close the case.

**DONE** and **ORDERED** in Fort Myers, Florida on August 24, 2023.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record

6